STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-2018-39

NATALIE C. REIS,
    Petitioner

**DECISION AND ORDER**

v.

SECRETARY OF STATE,
    Respondent

The matter before the court is an appeal by Natalie Reis from a decision of a hearing officer with the Bureau of Motor Vehicles dated June 18, 2018 refusing to rescind the administrative suspension of her driver's license for a period of 275 days, on the basis of a report from a Gardiner Police Department officer that on March 11, 2018 she failed to comply with her duty to submit to and complete a test to determine her alcohol level in accordance with 29-A M.R.S. §2521. This appeal has been brought in accordance with 5 M.R.S. §§11001-11008 (Maine Administrative Procedure Act), M.R.Civ.P. 80C and 29-A M.R.S. §2485.

## FACTUAL SUMMARY

The sole issue before the court is whether there is substantial evidence in the record to support the Hearing Officer's determination that Reis "failed to submit to a test." 29-A M.R.S. §2521(8)(C).[1]

At the administrative hearing on May 9, 2018 at which Ms. Reis sought to have her license suspension rescinded, the Hearing Officer received the testimony of Gardiner Police Sgt. Normand Gove, whose police report was also admitted into

---

[1] Reis has conceded that there was probable cause to believe that she operated a motor vehicle while under the influence and that she was informed of the consequences of failing to submit to a test. 29-A M.R.S. §2521(8)(A) & (B).

evidence as an exhibit. (Adm. Rec. Tab 6 – Exhibit 1). He also heard the testimony of Ms. Reis and admitted into evidence medical records, reports and an article pertaining to her diagnosis in 2003 of Bell's Palsy. (Exhibit 4 – Tab 9). At the conclusion of the evidence, the Hearing Officer took the matter under advisement and subsequently issued a written decision on June 18, 2018. (Tab 3).

In his decision, the Hearing Officer described in detail the facts leading up to the arrest of Ms. Reis by Sgt. Gove on March 11, 2018. He also extensively discussed the testimony of both witnesses - Sgt. Gove who believed that Ms. Reis was deliberately "fake blowing" into the intoxilyzer and - Ms. Reis who maintained that her inability to perform and complete the test was not due to a refusal but to the residual effects of her Bell's Palsy. After considering the evidence, the Hearing Officer concluded as follows:

> I find Sergeant Gove's testimony to be the most reliable and persuasive evidence presented at the hearing. I again note that the petitioner never mentioned the Bells Palsy to him to consider. I am not convinced that the remnants of the palsy was the reason for her not submitting to the test as requested rather it appears that it was her level of intoxication, her restiveness and lack of willingness to blow a sufficient sample(s) that she was being instructed to do and by in fact not "expelling" the air was the cause of the refusal. It was not concluded to be a refusal because she could not seal her lips on the mouthpiece. Rather, she was not expelling air.

> Accordingly, I find that she did fail to properly submit air to the intoxilyzer and did not complete the breath test as she was being instructed to do.

## DISCUSSION

The Law Court has frequently reaffirmed the principle that judicial review of administrative agency decisions is "deferential and limited." *Passadumkeag Mountain Friends v. Bd. of Envtl. Prot.*, 2014 ME 116, ¶ 12, 102 A.3d 1181 (quoting *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128).

The court is not permitted to overturn an agency's decision "unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or error of law; or is unsupported by the evidence in the record." *Kroger v Departmental of Environmental Protection*, 2005 ME. 50, ¶ 7, 870 A.2d 566. The party seeking to vacate a state agency decision has the burden of persuasion on appeal. *Anderson v Maine Public Employees Retirement System*, 2009 ME. 134, ¶ 3, 985 A.2d 501. In particular, a party seeking to overturn an agency's decision bears the burden of showing that "no competent evidence" supports it. *Stein v. Me. Crim. Justice Academy,* 2014 ME 82, ¶ 11, 95 A.3d 612.

This court must examine "the entire record to determine whether, on the basis of all the testimony and exhibits before it, the agency could fairly and reasonably find the facts as it did." *Friends of Lincoln Lake v Board of Environmental Protection,* 2001 ME. 18 ¶13, 989 A. 2d 1128. The court may not substitute its judgment for that of the agency's on questions of fact. 5 M.R.S. § 11007(3). Determinations of the believability or credibility of the witnesses and evidence, supported by substantial evidence in the record, should not be disturbed by this court. *Cotton v Maine Employment Security Commission,* 431 A. 2d 637, 640 (Me. 1981). The issue is not whether the court would have reached the same result the agency did, but whether the "record contains competent and substantial evidence that supports the result reached" by the agency. *Seider v. Board of Examiners of Psychologists,* 2000 ME 206, ¶ 8, 762 A.2d 551 *quoting CWCO, Inc. v. Superintendent of Insurance,* 1997 ME 226, ¶ 6, 703 A. 2d 1258, 1261.

The court has no difficulty in concluding that the record contains substantial evidence to support the Hearing Officer's finding that Ms. Reis refused to submit to and complete the test as required by statute. The task of assessing the credibility of the witnesses and the weight to be given the evidence, is the exclusive province of

3

the administrative hearing officer. The court has no basis, or authority, to substitute its judgment for that of the Hearing Officer who heard the witnesses live and in-person, and who was in the best position to evaluate their believability. There was ample competent evidence in the record, in the form of Sgt. Gove's testimony, that Ms. Reis was "fake blowing," and not following or complying with the officer's instructions regarding the intoxilyzer. The Hearing Officer heard and carefully considered the evidence presented by Ms. Reis that her performance on the test was the result of Bell's Palsy and not a refusal to take the test. It was up to the Hearing Officer to assess the credibility and weight to be given that evidence. His decision clearly states that he did not find that evidence convincing.

## CONCLUSION

The entry is:

The Petition for Judicial Review of Final Agency Action is DENIED.

The Clerk is directed to incorporate this Order into the docket of this case by notation reference in accordance with M.R.Civ.P. 79(a).


DATED: October 24, 2018.

William R. Stokes
Justice, Maine Superior Court

4